ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Robert Fried, SBN 85579, rfried@aalrr.com
Elizabeth P. Lind, SBN 142309, elind@aalrr.com
5776 Stoneridge Mall Road, Suite 200
Pleasanton, California 94588
Telephone: (925) 227-9200
Facsimile: (925) 227-9202

Attorneys for STUMP & SONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>STUMP AND SONS, INC., a California Corporation,<br><br>Defendant. | CASE NO.:   CV 08 3036  BZ<br><br>**DEFENDANT'S RESPONSE TO COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY AND COUNTERCLAIM**<br><br>Complaint Filed:   June 20, 2008 |

COMES NOW Defendant STUMP AND SONS, INC. ("Defendant") answering Plaintiffs BOARD OF TRUSTEES of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA, LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, AND LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA ("Plaintiffs'" or "Trust Funds'") Complaint for Breach of Contract, Damages, and Breach of Fiduciary Duty (the "Complaint") as follows:

DEFENDANT'S RESPONSE TO COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY AND COUNTERCLAIM
U.S.D.C. NORTHERN DISTRICT CASE NO. CV 08 3036 BZ

012086.00008/149050v1

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

1. Answering paragraph I of the Complaint, Defendant alleges that the National Labor Relations Board had primary jurisdiction over the gravamen of the complaint as alleged. Except as expressly alleged, Defendant admits the allegations contained in said paragraph.

## PARTIES

2. Answering paragraph II of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph II, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

3. Answering paragraph III of the Complaint, Defendant alleges that it is a California corporation and is authorized to conduct business in California. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

4. Answering paragraph IV of the Complaint, Defendant alleges that the "Master Agreement" or "Agreement" and "Memorandum Agreement" referred to in Complaint paragraph IV, speak for themselves and are the best evidence of their respective contents. Except as expressly alleged, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph IV, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

5. Answering paragraph V of the Complaint, Defendant alleges that the "Agreements" speak for themselves and are the best evidence of their respective contents. Except as expressly alleged, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph V, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

///

///

# FIRST CLAIM FOR RELIEF

## (BREACH OF CONTRACT)

6. Answering paragraph VI of the Complaint, Defendant makes reference to all of its prior answers to each and every paragraph incorporated by reference in paragraph VI of the Complaint, and by this reference incorporates the same herein as though set forth in full.

7. Answering paragraph VII of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph VII of the Complaint and, on that basis, denies both generally and specifically the allegations contained in said paragraph.

8. Answering paragraph VIII of the Complaint, Defendant denies that it is or was obligated to make fringe benefit contributions in the amount claimed by Plaintiffs. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph VIII of the Complaint and, on that basis, denies both generally and specifically the allegations contained in said paragraph.

9. Answering paragraph IX of the Complaint, Defendant alleges that the "Agreement" speaks for itself and is the best evidence of its respective contents. Except as expressly alleged, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph IX, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

10. Answering paragraph X of the Complaint, Defendant alleges that the "Agreements" speak for themselves and are the best evidence of their respective contents. Except as expressly alleged, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph X, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

11. Answering paragraph XI of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph. Defendant denies that it was necessary for Plaintiffs to engage counsel to bring this action.

# SECOND CLAIM FOR RELIEF

### (ACTUAL DAMAGES FOR BREACH OF CONTRACT)

12. Answering paragraph XII of the Complaint, Defendant makes reference to all of its prior answers to each and every paragraph incorporated by reference in paragraph XII of the Complaint, and by this reference incorporates the same herein as though set forth in full.

13. Answering paragraph XIII of the Complaint, Defendant has insufficient information and belief to admit the allegations of paragraph XIII of the Complaint and on that basis, denies both generally and specifically the allegations contained therein.

14. Answering paragraph XIV of the Complaint, Defendant denies that it is or was obligated to make fringe benefit contributions in the amount claimed by Plaintiffs. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph XIV of the Complaint and, on that basis, denies both generally and specifically the allegations contained in said paragraph.

### THIRD CLAIM FOR RELIEF

### (DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)

15. Answering paragraph XV of the Complaint, Defendant makes reference to all of its prior answers to each and every paragraph incorporated by reference in paragraph XV of the Complaint, and by this reference incorporates the same herein as though set forth in full.

16. Answering paragraph XVI of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph. Defendant denies that it is or was obligated to make fringe benefit contributions in the amount claimed by Plaintiffs.

17. Answering paragraph XVII of the Complaint, Defendant denies that it is or was obligated to make fringe benefit contributions in the amount claimed by Plaintiffs. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph XVII of the Complaint and, on that basis, denies both generally and specifically the allegations contained in said paragraph.

///

18. Answering paragraph XVIII of the Complaint, Defendant alleges that the

-4-

"Agreements" speak for themselves and are the best evidence of their respective contents.  Except as expressly alleged, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph XVIII of the Complaint and, on that basis, denies both generally and specifically the allegations contained in said paragraph.

19.   Answering paragraph XIX of the Complaint, Defendant denies that it is or was obligated to make fringe benefit contributions in the amount claimed by Plaintiffs.  Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph XIX of the Complaint and, on that basis, denies both generally and specifically the allegations contained in said paragraph.

20.   Answering paragraph XX of the Complaint, Defendant denies that it is or was obligated to make fringe benefit contributions in the amount claimed by Plaintiffs.  Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph XX of the Complaint and, on that basis, denies both generally and specifically the allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

Defendant is informed and believes and based thereon hereby alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1.   The Complaint, and all of its purported causes of action, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.   The work upon which Plaintiffs assert their claims for contributions is not covered by any alleged collective bargaining agreement or trust fund agreement referenced in the Complaint and Plaintiffs are without jurisdiction to enforce their claims.

### THIRD AFFIRMATIVE DEFENSE

3.   Plaintiffs failed to exhaust all administrative and/or contractual remedies necessary to assert the claims alleged in the Complaint and therefore are barred from pursuing this action.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

012086.00008/149050v1

**FOURTH AFFIRMATIVE DEFENSE**

4. The Complaint, and all of the averments contained therein, fails because the claims are within the exclusive and primary jurisdiction of the National Labor Relations Board ("NLRB").

**FIFTH AFFIRMATIVE DEFENSE**

5. The Complaint is barred in whole or in part by the applicable statute of limitations under Section 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185(a)), and Section 502(a)(1) of the Employees Retirement Income Security Act of 1974, as amended (29 U.S.C. § 1132(e)(1)).

**SIXTH AFFIRMATIVE DEFENSE**

6. The relief prayed for in the Complaint is barred by the applicable statutes of limitations, specifically California Code of Civil Procedure ("Code Civ. Proc.") sections 337, 338, 339, 340, 343, Civil Code sections 3184 and 3249 and/or the applicable federal statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendant is informed and believes and based thereupon alleges that Plaintiffs are not authorized to maintain this action in that the Trust Funds are operated and maintained in violation of Section 302 of the LMRA.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiffs lack standing to assert one or more of the claims in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendant alleges that Plaintiffs are estopped to assert the claims in the Complaint by reason of their, the Trust Funds' and /or the Union's acts, omissions, representations, and/or courses of action, or those of their agents, upon which Defendant relied to its prejudice and detriment.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiffs, by reason of their acts, omissions, representations and courses of

-6-
DEFENDANT'S RESPONSE TO COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY AND COUNTERCLAIM
U.S.D.C. NORTHERN DISTRICT CASE NO. CV 08 3036 BZ

012086.00008/149050v1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

1  conduct, which indicate a waiver of any claims against Defendant, are barred from any recovery

2  herein by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

4  11. Plaintiffs had notice of all the facts as set forth in the Complaint and, nevertheless,

5  refrained from commencing this action against Defendant for such a period of time that Plaintiffs

6  are now guilty of laches that should, in equity, bar Plaintiffs from maintaining this action.

### TWELFTH AFFIRMATIVE DEFENSE

8  12. Plaintiffs failed to mitigate damages by failing to take such actions as were

9  reasonably necessary to minimize any loss which may have been, or in the future may be,

10 sustained, including but limited to attorneys fees and costs arising on behalf of any party to this

11 action which may be assessed or incurred against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13 13. Should Plaintiffs recover damages from Defendant, Defendant is entitled to

14 indemnification in whole or in part from all persons or entities whose conduct and/or fault

15 proximately contributed to Plaintiffs' damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

17 14. If Plaintiffs suffered or sustained any damage or injury, either as alleged in the

18 Complaint or at all, the same was directly and proximately contributed to by the negligence, fraud,

19 recklessness, carelessness, fault and unlawful conduct of Plaintiffs, and damages of Plaintiffs, if

20 any, shall be reduced in proportion to the amount of negligence and/or fault attributed to

21 Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

23 15. If Plaintiffs suffered or sustained any damage or injury, either as alleged in the

24 Complaint or at all, the same was directly and proximately contributed to by the negligence, fraud,

25 recklessness, carelessness, fault and unlawful conduct of other parties or entities, whether or not

26 parties to this action, and damages to Plaintiffs, if any, shall be reduced in proportion to the

27 amount of negligence and/or fault attributed to such other parties or entities, whether or not

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

012086.00008/149050v1

parties to this action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Defendant has not willfully or intentionally failed or refused to pay any sums rightfully owing to Plaintiffs.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. If it is determined that Defendant failed to perform one or more of its obligations under any contract or agreement described in the Complaint, performance of each obligation was excused due to impossibility or impracticability in each instance.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The Complaint, and its purported causes of action, are barred insofar as Plaintiffs' claims are subject to grievance/arbitration procedures, Plaintiffs failed and/or refused to arbitrate the controversy, and/or has made no attempt to submit this matter under said grievance/arbitration procedures, and completion of such procedures is a condition precedent to commencement and maintenance of this action and the action is barred by the failure to complete such procedures.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Any purported claim for relief is barred on the ground that as to each and every contract alleged therein, Plaintiffs failed to fulfill conditions precedent to the enforcement of any contract, including the failure to follow the grievance/arbitration procedures, as set forth in any allegedly applicable collective bargaining agreement.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiffs have not suffered and will not suffer any irreparable injury or damages attributable in any way to Defendant.

///

///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Any claim for liquidated damages is unenforceable as said damages constitute a penalty.

-8-

DEFENDANT'S RESPONSE TO COMPLAINT FOR BREACH OF CONTRACT,
DAMAGES, AND BREACH OF FIDUCIARY DUTY AND COUNTERCLAIM
U.S.D.C. NORTHERN DISTRICT CASE NO. CV 08 3036 BZ

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet, unstated affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**COUNTERCLAIM**

1.      To the extent that Defendant STUMP AND SONS, INC. made contributions to the Trust Funds on behalf of David Stump, under mistake of fact or law, for which refund may now be obtained pursuant to the Employees Retirement Income Security Act of 1974, as amended (29 U.S.C. § 1103(c)(2)(A)(ii)), STUMP AND SONS, INC., in reliance on the facts pled and placed in dispute in the principal complaint in this action, is informed and believes and on that basis alleges that it is due a refund for such contributions.

2.      To the extent that any portion of such claim for refund of contributions might otherwise be deemed to fall outside of the applicable statute of limitations, Defendant STUMP AND SONS, INC., in reliance on the facts pled and placed in dispute in the principal complaint in this action, is informed and believes and on that basis alleges that such limitations period should be tolled in this case because Plaintiffs and their auditors affirmatively misled the Employer, Defendant STUMP AND SONS, INC., as to the nature of its contribution obligations on behalf of David Stump.

3.      Defendant STUMP AND SONS, INC. in reliance on the facts pled and placed in dispute in the principal complaint in this action, is informed and believes and on that basis alleges that it is entitled to a refund of contributions, in an amount to be determined by subsequent audit and discovery in this action.

///

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing by their Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. For costs of suit incurred herein;

4. For reasonable attorneys' fees;

5. For refund of Trust Fund contributions made by Defendant on behalf of David Stump, under mistake of fact or law, in an amount to be determined at trial; and/or

6. For such other and further relief as the Court may deem just and proper.

DATED: August 20, 2008

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/
Robert Fried
Attorneys for STUMP & SONS, INC.

-10-
DEFENDANT'S RESPONSE TO COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY AND COUNTERCLAIM
U.S.D.C. NORTHERN DISTRICT CASE NO. CV 08 3036 BZ

012086.00008/149050v1